CHARLES P. BROWN, PLAINTIFF IN ERROR, V. W. M. ROGERS & BRO., DEFENDANTS IN ERROR.

1. **Evidence** examined and *Held* to sustain the verdict.

2. **Pleadings:** AMENDMENT. The court, upon such terms as may be just, may permit the amendment of a pleading after the evidence is introduced, and before the cause is submitted to the jury, and unless there is an abuse of discretion in the action of the court, error will not lie.

3. **Instructions** set out in the opinion, *Held*, Properly given.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*C. C. Flansburg*, for plaintiff in error.

*Oyler & Beall*, for defendants in error.

MAXWELL, CH. J.

This action was brought on the following due bill:

"EVA, NEB., Nov. 4th, 1884.

"Due Woods & Batey, balance on Bird windmill, fifty dollars ($50).

"[Signed] W. ROGERS & BRO.

"Endorsed, 'December 30th, 1884, received five ($5) dollars by J. G. Woods. Please pay to the bearer forty-five ($45) dollars. BATEY & WOODS.'"

On the 19th day of January, 1886, defendants filed their answer as follows:

"Defendants for answer to plaintiff's petition herein filed state:

"First. That on or about the ...... day of ......, 1884, these defendants entered into a verbal contract with Batey & Woods, of Alma, wherein said Batey & Woods agreed with and undertook for the defendants to erect for them a

certain Bird windmill and pump, and said windmill and pump guaranteed by the said Batey & Woods to be first class in every particular, and to be erected in good and workmanlike manner, and warranted to give satisfaction.

"Second. That these defendants agreed to pay in consideration for said mill, when erected as aforesaid, the sum of $......, and that the note or due bill herein sued upon was given as part of said consideration.

"Third. Defendants further say that said Batey & Woods did not erect such a windmill and pump as was contracted for as aforesaid, and that the mill and pump erected by said Batey & Woods by virtue of said contract were worthless and wholly failed to give satisfaction, to the damage of these defendants in the sum of $100."

The reply is a general denial.

On the trial of the cause the jury found a verdict for the defendant, upon which judgment was rendered.

It would subserve no good purpose to set out the evidence at length. It tends to show that the windmill and pump were to be first class in all respects, and that they were very inferior, and of but little value. The defendants had already paid a considerable portion of the price of the mill, the due bill being merely for a small balance. The verdict, therefore, was fully justified by the evidence.

2. After the evidence was all submitted, the court permitted the defendants to amend their answer by adding the words, " And defendants, relying upon said warranty, purchased the mill and pump aforesaid." This is now assigned for error. The amendment probably was unnecessary, as it is alleged in the second paragraph of the answer " that these defendants agreed to pay in consideration for said mill when erected as aforesaid the sum of $..., and that the note or due bill herein sued upon was given as a part of said consideration." This would seem to be sufficient to show reliance upon the contract of warranty. But even if it were not, the amendment could not have misled

the plaintiff, and was in the discretion of the court, and as there is nothing to show an abuse of such discretion the objection is unavailing.

3. That the court erred in the instructions given to the jury as follows:

"1st. If you find from the evidence in this case, the party or parties who sold the windmill and pump to defendants, for balance of payment of which the due bill sued on in this case was given, and when the pump and mill was sold the vendor or vendors of said pump and mill guaranteed that the same was to be first class in every respect and to be erected in good workmanlike manner, and warranted to give satisfaction, and you find defendants relied upon such guaranty or warranty when they purchased the said pump and mill, and you find there was a breach of said guaranty and warranty, and you find the said pump and mill were worthless, as averred in the answer, or not such a pump and mill as guaranteed, you will assess the damages occasioned to defendants by breach of said guaranty or warranty, bearing in mind the measure of damages is the difference in value of said pump and mill in the condition they actually were in at the time of sale of same and the value of such a pump and mill as was warranted.

"2d. If you find there was no guaranty or warranty of the pump and mill, or you find if they were guaranteed or warranted, and there was no breach thereof, you will find for the plaintiff the full amount of the due bill sued on and interest at 7 per cent per annum.

"3d. The burden of proof is upon the defendants to show the guaranty or warranty set up in the answer and breach thereof."

It is conceded that the first instruction is correct as an abstract proposition of law, but it is said not to be applicable to the testimony. We think differently, however, and that the instruction was properly given. On the whole case it is apparent that justice has been done, and that there

is no material error in the record.    The judgment is there-
fore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.