EMANUEL WITTER, PLAINTIFF IN ERROR, V. A. L. HOOVER & SON, DEFENDANTS IN ERROR.

A Finding and Judgment of the district court will not be reversed upon the ground that the judgment is not sustained by sufficient evidence, where the evidence is conflicting, if there is enough which, if believed by the trier of fact, would be sufficient to sustain the judgment were the same uncontradicted.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Sawyer & Snell*, for plaintiff in error.

*Harwood, Ames & Kelly* and *Edson Rich*, for defendants in error.

REESE, CH. J.

This is a proceeding in error to the district court of Lancaster county. The action was instituted by defendants in error against plaintiff in error, upon an account for the board of the wife of the latter, Mary Witter, for thirty-four weeks and six days, at the agreed price of $7 per week, and for fuel furnished her during said time, amounting to $31, making an aggregate of $275.

The answer of plaintiff in error to the petition was a general denial.

The case was tried to the district court without the intervention of a jury, the trial resulting in a general finding in favor of defendants in error for the sum of $275, with interest at seven per cent from December 1, 1886, making a total of $293.45, and upon which finding a judgment was duly rendered. Plaintiff in error brings the case to this court for review by proceedings in error, and contends that the judgment is not sustained by sufficient evidence. This is the only error assigned in his brief.

Upon a careful examination of the testimony adduced, we find a sharp conflict between the statements of the witnesses. A. L. Hoover, one of the defendants in error, testified, in substance, that the agreement for the board of plaintiff's wife was made, and that thereunder she continued for some time to board at his hotel, and for which plaintiff paid; that upon a certain occasion, after payment had been made, plaintiff in error notified him that after a certain date he would cease to be responsible for her board, when the witness told him that if he was not going to board her there he should take her away, and that if he did not take her away he would be held responsible for her board; that plaintiff then said that he did not desire to get into trouble over the matter, and that he would call again and see further concerning it; that he did not call, and the witness continued to board her as he had done

previous to that time.   This is substantially the testimony
of plaintiff in error, with the exception that he denies
having said that he would call again, simply saying that
he notified defendants in error that he would be responsi-
ble no longer for the board of his wife at their hotel.
There are some circumstances which tend to corroborate
the testimony of plaintiff in error, among which is the tes-
timony of James Johnson, who testified to a conversation
with the witness, A. L. Hoover, in which Hoover stated
that plaintiff in error had paid him all up before he left,
and told him that he would not pay any more, but that
plaintiff had brought his wife there, and that he might
take her away.   This statement is in some particulars
denied by Hoover, who says his statement was to the effect
that plaintiff had paid to a certain time, and said that he
would be responsible no longer, and upon being requested
to take her away if he did not desire to pay her board, he
said he would call again and see further about it.

It must be conceded that if Hoover's testimony is cor-
rect the decision of the district court was right.   Of this
the trial court was the sole judge, and this court cannot,
in its appellate jurisdiction, undertake to say whether the
circumstances and probabilities affecting the testimony of
the various witnesses before the trial court preponderate
either one way or the other, so long as the record shows
sufficient evidence upon which a finding could have been
predicated.   This rule is too well settled in this state to
need a citation of cases.

The judgment of the district court must therefore be
affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.