WILLIAM J. YATES, PLAINTIFF IN ERROR, V. MARTIN E. KINNEY, DEFENDANT IN ERROR.

1. **Trial:** MOTION FOR NEW TRIAL. Errors in the refusal of testimony on a trial will be considered as waived, unless complaint thereof be made in a motion for a new trial. *M. P. R. R. Co. v. McCartney*, 1 Neb., 398.

2. ———: EVIDENCE. Where a question is asked a witness, to which objection is made, which is sustained, the party desiring the evidence must offer to prove the facts sought to be introduced in evidence. *Mathews v. State*, 19 Neb., 330.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*O. P. Mason* and *Charles E. Magoon*, for plaintiff in error.

*John P. Maule*, for defendant in error.

COBB, J.

This was an action for malicious prosecution. It was originally brought by Martin E. Kinney, plaintiff, agains

William J. Yates, E. M. Billings, and Frederick B. Donisthorpe, defendants. The alleged cause of action was, that Yates, aided, abetted, and counseled by Billings and Donisthorpe, maliciously, and without probable cause, made complaint against and prosecuted the plainitff for the crime of petit larceny, in stealing two loads of corn from the said Yates, of the value of $12$\frac{50}{100}$.

The defendant, Yates, answered the petition, denying malice and the want of probable cause in the prosecution of the plaintiff by him, and alleging that prior to the commencement of said prosecution he went to E. M. Billings and Frederick B. Donisthorpe, who are practicing attorneys of said court, etc., and made a full statement to them of all the facts connected with said larceny case, so far as he had any knowledge thereof, etc.; that said attorneys, knowing all the facts in the case, etc., advised the answering defendant to commence said prosecution. Whereupon, acting upon the advice of his said attorneys, and in good faith and without malice, and for the sole purpose of having the supposed criminal brought to justice, he made said complaint, etc.

The cause was dismissed as to Billings and Donisthorpe, and proceeded to trial as to the defendant, Yates. The trial was to a jury, which found for the plaintiff, in the sum of two hundred dollars. The defendant's motion for a new trial being overruled, the cause is brought by him to this court on error, and he assigns the following errors:

1. The court erred in overruling the motion for a new trial.

2. The damages given by the jury are excessive.

3. The verdict given herein is contrary to the evidence.

4. The verdict is contrary to law.

5. The court erred in its charge to the jury.

6. The court erred in charging the jury that they must find for the plaintiff.

7. The court erred in holding the defendant, William

.J. Yates, to trial in this case, after having allowed the plaintiff to dismiss as to his co-defendants, Billings and Donisthorpe.

This cause was before this court at a former term on the motions of defendant in error, one being to strike out the bill of exceptions from the record, and the other to strike from the bill of exceptions the part thereof purporting to be the instructions of the court to the jury. The first of said motions was overruled, and the second one sustained. See case reported in 23 Neb., 648.

I will take up and examine such of the errors as are presented by the record in its present condition, and argued by counsel in the brief. ·

The first error argued in the brief is, that the court erred in ruling out and refusing to receive or allow to go to the jury certain evidence in the testimony of the plaintiff in error—defendant in the court below—when on the stand as a witness in his own behalf.

This error cannot be considered, for the reason that the attention of the trial court was not called to it by the motion for a new trial. It has been often held by this court that, to enable it to reverse a judgment for error of law occurring at the trial, the attention of the court must have been called to it and given an opportunity to correct such error by granting a new trial. To this effect is the holding of this court in the case of *Midland Pacific R. R. Co. v. McCartney*, 1 Neb., 398, which holding has been followed in thirty-one cases in our Reports, not counting those which probably might be found in the last six volumes.

The statute, Code, Sec. 317, has gone far to relieve parties of a possible hardship imposed by said rule, in providing that a general reference to such errors, in a motion for a new trial, will be sufficient, but here there is not the most general or remote reference to such error, in the motion for a new trial.

Again, it will be observed, by examining the testimony quoted, that there was no offer of evidence.

In the case of *Mathews v. State*, 19 Neb., 33, Chief J. MAXWELL delivering the opinion of the court, thus stated the law. I quote from the syllabus: "Where a question is asked a witness, to which objection is made, which is sustained, the party desiring the evidence must offer to prove the facts sought to be introduced in evidence." This case was followed by those of *Lipscomb v. Lyon*, Id., 511, and *Masters v. Marsh*, Id., 458.

But were this not so, and were we at liberty to consider the evidence referred to the same as though it had been presented in the motion for a new trial, and there had been a proper offer of evidence and its refusal, I do not think that reversible error would be found in it. I copy that part of the evidence referred to in the brief of plaintiff in error, from the bill of exceptions. The plaintiff in error being on the stand as a witness in his own behalf, and being examined in chief:

Q. State what you did in relation to having these parties arrested?

A. I saw Mr. Billings at his office, and told him—

The plaintiff objects to the statement of the witness as to what Mr. Billings told him, for the reason that it is immaterial, irrelevant, and incompetent, which objection is sustained by the court, etc.

Q. You may state whether, prior to the bringing of this suit or prosecution, and filing of this complaint, you made a full and complete statement of the facts to your attorneys?

A. I did, sir.

Q. State what you and your attorneys did in relation to the matter?

The plaintiff objects to the question, which objection is sustained by the court, etc.

Q. You may state to the jury if you acted upon their

advice at the time you brought this prosecution against him?

A.   I did, yes, sir.

Q.   Did you file the complaint in that case by the advice of your counsel?

A.   Yes, sir.

Q.   Who were your counsel?

A.   Billings & Donisthorpe, more especially Mr. Billings.

Q.   Were they practicing attorneys?

A.   Yes, sir, they were.

Q.   You may state to the jury if all you did in relation to this case was done under the advice of counsel?

A.   It was, yes, sir.

Q.   You may state the reason you had Mr. Kinney arrested?

A.   To bring a criminal to justice.

Q.   Was it for the purpose of having justice done to the community or to yourself.

A.   To the community at large.

Q.   Did you have him arrested for the purpose of obtaining any personal end in the matter?

A.   No, sir.

Q.   Did you have the action brought for the purpose of making him trouble or expense?

A.   I did not, sir.

Q.   Did you do it for the purpose of intimidating him from taking any more corn?

A.   No, sir, I didn't.

Q.   Or assert his rights?

A.   No, sir, I didn't.

Q.   You may state to the court whether any of the transactions you had between yourself and Mr. Kinney there has ever been any malicious or bad feelings upon your part, towards him in regard to the case?

A.   No, sir, there has not, none whatever.

The above is the entire examination-in-chief of plaintiff in error in reference to his having taken the advice of counsel, and acted under such advice in prosecuting the defendant in error, and in reference to whether or not he was actuated by malice in such prosecution. The defendant was allowed to state, and did state, that prior to his filing the complaint against the plaintiff and having him arrested for larceny, he made a full and complete statement of the facts to his attorneys. He was also permitted to testify, and did testify, that he acted upon the advice of his attorneys at the time he brought the prosecution against the plaintiff. Again, he stated that he filed the complaint in that case by the advice of counsel, giving the names of two members of the bar of that court. He was permitted to and did state that he acted without malice. He was not asked to state what facts he communicated to his counsel, nor what advice they gave him.

What is said above as to the alleged error of the trial court in excluding the evidence of the defendant when on the stand as a witness in his own behalf, not having been called to the attention of that court by the motion for a new trial, as well as what is said of the absence of an offer of evidence, applies with equal force to the evidence of the attorney, Mr. Billings, when on the stand as a witness for the defendant.

I quote from the bill of exceptions a part of his examination. After testifying that he was one of the attorneys of the defendant in prosecuting the plaintiff for larceny, as well as in previous litigation, he was asked :

Q. You may state whether in advising with Mr. Yates in these matters he made a statement of the facts of the case, and all the facts of the case as presented?

The plaintiff objects to the question for the reason that it is immaterial, irrelevant, and incompetent. (There is no ruling on this objection set out in the bill of exceptions and of course no exception.)

Q. You may state whether Mr. Yates made a statement of the facts in regard to the prosecution of this complaint for larceny, before the case was begun, in relation to the prosecution of the complaint for larceny ?

A. Yes, as far as he knew before it was commenced. Afterwards I went with him and hunted up the case before the case was instituted, and it was advised and instituted by Mr. Donisthorpe and yourself (meaning Mr. Conant, the attorney who was examining him).

    *        *        *        *        *

Q. You may state whether Mr. Yates acted on the advice that was given him in regard to the prosecution of this case?

The plaintiff objects to the question for the reason that it is immaterial, irrelevant, and incompetent, which objection is sustained by the court.

This witness was not interrogated as to what facts were stated by the defendant to his counsel, nor as to what advice was given him by his counsel.

The other questions discussed or presented by plaintiff in error in the brief, are those arising upon the instructions given by the court to the jury. As the instructions were stricken from the bill of exceptions and record, on motion of the defendant in error, as hereinbefore stated, questions or points depending alone on them cannot be considered.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.