L. R. DOWNING, PLAINTIFF IN ERROR, v. S. R. GLENN AND J. H. GLENN, DEFENDANTS IN ERROR.

[FILED APRIL 10, 1889.]

1. **Petition** examined, and *held*, sufficient when assailed after judgment.
2. **Evidence** examined, and *held*, under the issues as formed by the pleadings, sufficient to sustain the verdict.
3. **Instructions.** Objections to instructions, or to the want thereof, not made to the district court, cannot be entertained by the supreme court.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*Joel Hull,* and *Calkins & Pratt,* for plaintiff in error.

*J. L. McPheeley,* and *J. M. Stewart,* for defendants in error.

REESE, CH. J.

This was an action to recover an amount alleged to be due on a promissory note. The note was payable to Fuller & Johnson, or order, and had not been transferred to plaintiff except by indorsement made by himself, and there was no direct allegation in the petition that it was the property of plaintiff. For this reason it is insisted that the petition did not state facts sufficient to constitute a cause of action.

The allegations of the petition were in substance that defendants were indebted to plaintiff upon the note which was attached to the petition, and that there was due plaintiff from defendants $66.60, with interest, etc., for which judgment was demanded.

While the petition was quite informal, yet it must be held sufficient after judgment. It might no doubt have been assailed by motion under the provisions of section 125 of the Civil Code, and an order would doubtless have been made requiring plaintiff to make it more definite and certain; but in default of such objection, and in view of section 121, Id., which requires the petition to receive a liberal construction, and as no attack was made upon it, and the answer of defendants in direct terms alleged that the note was not the property of plaintiff, but was the property of Fuller & Johnson, thus forming an issue upon which the case was tried, we do not think that defendant can now be heard to insist upon the alleged defect in the pleading.

The note was given for twine, to be used in connection

with a harvester in binding grain, and for freight paid upon a harvester purchased by defendants from Fuller & Johnson, through plaintiff, as their agent. It was shown that the harvester failed to comply with the warranty given by Fuller & Johnson at the time of its purchase, and that it was returned to them, whereupon they agreed to surrender to defendants the three notes for $105 each, given for the purchase price; but that instead of returning the notes as agreed, they sold and transferred one before its maturity, and that defendants had it to pay. These facts were pleaded in the answer, together with the averment that the note in suit belonged to Fuller & Johnson, and a set-off was presented with prayer for a judgment for the balance to be found due defendants. Upon these issues the cause was tried, the trial resulting in a verdict and judgment in favor of defendants.

We have carefully examined all the evidence, and cannot see that there was not sufficient to sustain a finding by the jury that the note was originally given to Fuller & Johnson as payees, and that plaintiff so represented to defendants at the time of its execution, as well as through another person, who, by direction of plaintiff, presented it for payment after its maturity as the property of Fuller & Johnson, as testified to by defendants.

Some objections are made to the instructions given to the jury by the trial court, but as no objection was made at the time, nor in the motion for a new trial, they cannot here be considered.

As contended by plaintiff, the record shows that the case did not receive that degree of care upon its trial which might have been desired; yet it seems to have been satisfactory to the parties at the time, and we do not see that we can now interfere.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.