27   553
42   345.

CHESTER HOLLOWAY V. NELSON SCHOOLEY.

[FILED OCTOBER 4, 1889.]

1. Bill of Exceptions: DEFECTS.   A paper in the semblance of a bill of exceptions, but which has not been allowed and certified by the judge who tried the cause in the court below, nor by the clerk of such court, under the circumstances, or in the manner provided by statute, filed with the record in this court will be stricken out on motion.

2. Practice: INSTRUCTIONS: REVIEW.   In civil cases, instructions by the court to a jury, the giving or refusal of which was not excepted to upon the trial in the court below, will not be considered in this court.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Stanley Thompson,* for plaintiff in error:

Mere voluntary dismissal of a criminal prosecution is not *prima facie* evidence of malice. (*Adams v. Lisher,* 3 Blackf. [Ind.], 445; *Lindsay v. Larned,* 17 Mass., 190; *Ivers v. Bartholomew,* 9 Conn., 309; *Kidder v. Parkhurst,* 3 Allen [Mass.], 393; Cooley on Torts, 185.) The question of probable cause is one of law and fact, and should not have been submitted to the jury except as to the facts. (*Turner v. O'Brien,* 5 Neb., 547; *Ross v. Langworthy,* 13 Id., 495; *Boyd v. Cross,* 35 Md., 194.)

*L. S. Irvin,* and *John M. Stewart,* for defendant in error:

No exceptions were taken to the instructions below, and there is nothing for this court to review. In the Nebraska cases cited by counsel for plaintiff in error the instructions were too favorable to defendant, and the judgment was for that reason reversed. If the instructions in this case are open to the objection urged by counsel for plaintiff in error, they would for that reason be clearly favorable to him and, if excepted to, would not warrant a reversal.

COBB, J.

This cause is brought on error to review the judgment of the district court of Buffalo county.

Nelson Schooley, the plaintiff below, alleged that the defendant, Chester Holloway, on December 18, 1886, falsely and maliciously, and without reasonable and probable cause, complained under oath before T. J. Mahoney, a justice of the peace of Gibbon township, in said county, that on December 13, 1886, the plaintiff went to the house

occupied by James Burgess, in said county, and broke the lock of the door of said house and took therefrom 200 bushels of oats, the property of defendant, which property was unlawfully stolen and taken away by the plaintiff; that the defendant caused a warrant to be issued by the said justice of the peace upon his said complaint for the apprehension of plaintiff, and maliciously, and without probable cause, caused the plaintiff to be arrested on said charge and to be held a prisoner by the constable of said township for the period of one day; that on the day set for trial, December 22, 1886, the defendant dismissed his complaint and the plaintiff was discharged of said crime and the prosecution was ended; that the plaintiff expended two dollars in his defense, and was prevented from transacting his business for two and a half days, to his damage seven and a half dollars, by means of which premises the plaintiff has been put to great trouble and annoyance to procure his discharge from arrest and prosecution and has been prevented from transacting his business and has been greatly injured in his credit and reputation, and brought into public scandal, infamy, and disgrace, and has suffered great anxiety and pain of body and mind, to his damage in the sum of $2,000, for which he asks judgment.

The defendant answered denying specifically that he made a complaint on December 18, 1886, under oath falsely, maliciously, and without probable cause before a justice of the peace of Gibbon township, in said county, as set out in plaintiff's petition.

II. Denying specifically that he caused to be issued by the said justice, falsely, maliciously, and without probable cause, a warrant for the arrest of the plaintiff.

III. Denying that on December 22, 1886, he dismissed the said complaint against the plaintiff, but that the same was dismissed at the instance of George E. Evans, who was acting in the capacity of state prosecutor.

IV. That he admits that he made the complaint alleged,

but had reasonable and probable grounds for believing the plaintiff guilty as in said complaint and warrant charged.

V. That he denies specifically that the plaintiff was put to great trouble and annoyance and expense, or was brought into public scandal and disgrace, or that, by reason of the premises, plaintiff was damaged in the sum of $2,000, or in any other amount, or on any other account, connected with said charge and complaint.

There was a trial to a jury, with verdict for the plaintiff for $500 damages. The motion of defendant to set aside the verdict being overruled, judgment was entered for the amount of the verdict and costs, to which the defendant excepts, and forty days allowed in which to reduce bill of exceptions to writing.

The plaintiff in error assigns the following errors in the trial in the court below :

1. Excessive damages awarded by the jury, unwarranted by the evidence and the instructions of the court on its motion, appearing to have been given under the influence of passion and prejudice.

2. Errors excepted to on the trial.

3. Error of instruction No. 1, by the court on its own motion.

4. Instructions Nos. 1, 2, 3, 4, 5, and 6, on request of plaintiff.

5. In refusing Nos. 5 and 6, on request of defendant.

6. The verdict is not sustained by sufficient evidence.

7. In overruling the motion for new trial.

On motion of defendant in error to strike from the files the bill of exceptions presented, for the reason that the same had not been allowed and certified by the court below, nor filed in the office of the clerk of the district court, but was an unauthorized bill of exceptions, the motion was sustained. The bill of exceptions having been stricken out of the record, so much of the errors assigned as refer to excessive damages, errors of law, and want of sufficient

evidence at the trial cannot now be considered in this court, as those questions depended upon the disclosures of the bill of exceptions.

The other errors assigned are based upon the giving, or the refusal to give, certain instructions by the court to the jury. By inspection of the record it does not appear that either the instructions given by the court on its own motion, or those given at the request of the plaintiff, or those requested by the defendant and refused by the court, were excepted to by the plaintiff in error upon the trial. The province of this court of review to interpose and consider the errors assigned is, therefore, at an end, so far as this cause is concerned, it being a settled rule that the giving or refusal of instructions to a jury, unless exceptions shall be taken, and made of record at the time, by the complaining party, will not be considered as grounds for reversal in the supreme court. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.