JOHN MORDHORST V. NEBRASKA TELEPHONE CO.

[FILED JANUARY 28, 1890.]

1. Pleading: NEW MATTER. All new matters constituting an entire or partial defense to a cause of action must be pleaded.

2. The cross-examination of a witness should be confined to the matter covered by the examination in chief.

3. Trial: EVIDENCE: ERROR. When the trial court sustains an objection to a question propounded to a witness on his examination in chief, the party desiring the evidence must offer to prove the facts sought to be elicited by the question in order to predicate error upon such ruling.

4. The Evidence examined, and *held*, to sustain the verdict.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*T. D. Cobbey,* for plaintiff in error.

*Burke & Prout, contra.*

NORVAL, J.

This was a suit brought by defendant in error against the plaintiff in error upon a written contract for the rental of a telephone. This contract is made a part of the petition, and contains among other provisions the following:

"In case communication is interrupted from any cause whatever, the only liability of the exchange shall be to abate the rent during such interruption, *after twenty-four hours' written notice thereof to the Exchange.* * * *

"The subscriber requests the Nebraska Telephone Company to place in his premises one set of telephone instruments, as noted on the back hereof, and to connect them for his use with the company's exchange until the first day of January, 1886, and thereafter until this agreement is can-

celed by one month's notice in writing being given from one party to the other, upon the terms and conditions stated above, which he hereby promises to keep and perform, and agrees to pay therefor to said company four dollars on the first day of every month."

The answer is a general denial, and also that the plaintiff did put a telephone instrument in the defendant's place of business, and that after being used a short time became absolutely worthless.

The reply was a general denial. The verdict was for the plaintiff.

It is not claimed that a written notice of defects in the telephone instrument was ever given the company, but it is contended that this provision of the written contract was waived by the company attempting to fix it after verbal complaint. On the trial the court permitted, over plaintiff's objection, the defendant to prove that verbal notice was given, but afterwards this evidence was eliminated from the record, and the jury was instructed not to consider it. This is the first error complained of. We think this ruling of the court correct. Waiver of the written notice contemplated by the written contract was not in issue. In order to prove a waiver of the written notice, it should have been pleaded in the answer, as it constituted new matter of defense. (*Jones v. Seward Co.*, 10 Neb., 154.)

It is contended that the court erred in not allowing the defendant to prove that the telephone instrument was defective. This the defendant attempted to do on cross-examination of some of plaintiff's witnesses, and this objection was properly sustained, for the reason that the witnesses, when examined in chief, did not testify as to the condition of the instrument. Cross-examinations should be confined to matters covered by the examination in chief.

The following question was propounded by the defendant to Mr. Taylor while a witness for the defense: "What kind of an instrument was this as being a good or poor

instrument?" The plaintiff interposed the objection of immaterial, irrelevant, and incompetent, which objection was sustained by the court, and an exception was taken. The plaintiff in error made no offer of proof. It has been repeatedly held by this court that error cannot be assigned upon the sustaining of an objection to a question propounded to a party's own witness, unless the party desiring the evidence offers to prove the facts sought to be established by the question. (*Matthews v. State,* 19 Neb., 330; *Yates v. Kinney,* 25 Id., 120.)

Testimony was introduced by the plaintiff in error which tended to show that the telephone instrument failed to work well. Evidence was given by the company tending to establish that the instrument was a good one. The testimony, while somewhat conflicting, sustains the verdict of the jury.

The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.