Barr v. City of Omaha.

EMILY C. BARR ET AL. V. CITY OF OMAHA.

FILED OCTOBER 17, 1894.    No. 5725.

1. The allowing an amendment to a pleading, so as to make it conform to the evidence received without objection, is a matter largely within the discretion of the trial court; and this court will not interfere with the exercise of such discretion, unless the record presents a clear case of abuse.

2. To make available an error in giving an instruction that does not fully state the issues in a case, the party complaining must properly request a full and complete instruction upon the point.

3. Unless the record shows that an instruction was excepted to in the trial court when given, the instruction will not be reviewed by this court.

4. Objections to the giving or the refusing of instructions will not be considered by the supreme court, unless presented to the trial court by the motion for a new trial.

5. **The ruling of the trial court in sustaining an objection** to a question put to one's own witness cannot be reviewed where the complaining party has failed to make an offer of the testimony indicating what he expects to prove by the witness, in response to the question propounded and overruled.

6. **The exclusion of evidence** of a fact fully established by other competent and uncontradicted evidence is not reversible error.

7. **The special benefits which may be properly set off against damages** are such as increase the value of adjacent property, and these benefits are none the less special because an increased value has been thereby added to many adjacent private properties other than that to which a particular litigation is pending. Common benefits are such as are enjoyed by the public at large without reference to the ownership of private property adjacent to the public improvement out of which arose the benefits under consideration. (*Kirkendall v. City of Omaha*, 39 Neb., 1.)

8. **A verdict on conflicting evidence** will not be disturbed unless manifestly wrong.

9. **Evidence** *held* to sustain the verdict and judgment.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*Moriarty & Langdon*, for plaintiffs in error.

*W. J. Connell* and *E. J. Cornish, contra.*

NORVAL, C. J.

This action was brought by the plaintiffs in error against the city of Omaha to recover damages to their lot because of street improvements. There was judgment for the city, dismissing the action, and plaintiffs prosecute error.

The plaintiffs are, and they have been for several years, the owners of lot 20 of the S. E. Rodgers' Oklahoma Addition to the city of Omaha, and lived in the residence situate upon said lot. The premises are situated on the east side of Thirteenth street, and south of Blaine street in said

city.   In March, 1889, the city of Omaha passed an ordinance establishing the grade of said Thirteenth street along and in front of plaintiffs' lot, whereby the grade of said street was raised several feet above the natural surface of said lot.   In May, 1889, an ordinance was passed authorizing and directing the grading to the established grade said Thirteenth street along and in front of plaintiffs' real estate and for several blocks north and south thereof, and during the years 1889 and 1890 said portion of said street was brought to the established grade, and by reason thereof plaintiffs' lot was left some twelve feet below the surface of the street.   Plaintiffs claim that by reason of said grading, and the negligent and careless manner in which the work was done, they have sustained damages.

The first point raised by plaintiffs in their brief as a ground for reversal is based upon the ruling of the trial court in permitting the city to file an amended answer.   In the original answer filed special benefits had not been pleaded as a defense.   The case, however, was tried by both parties, and testimony was admitted without objection, upon the theory that the question of special benefits was in issue in the case.   After the evidence was all in and plaintiffs' counsel was making the opening argument to the jury, counsel for the city asked permission to file an amended answer to conform to the facts proved, by setting up special benefits, which request was granted by the court, and an amended answer was filed, over the objections and exceptions of plaintiffs.   It was clearly within the discretion of the court to permit the amendment.   Our statute and practice thereunder, as is shown by the decisions, are very liberal in allowing amendments, and especially where the object is to make the pleading correspond to the proofs. The allowance of an amendment of a pleading, either before or after judgment, is a matter almost entirely within the discretion of the trial court, and this court will not interfere with the exercise of such discretion of permitting a

pleading to be amended to conform to the evidence admitted without objection, unless the record presents a clear case of abuse. (*Keim v. Avery*, 7 Neb., 54; *Catron v. Shepherd*, 8 Neb., 309; *Brown v. Rogers*, 20 Neb., 547; *Klosterman v. Olcott*, 25 Neb., 382.) This record discloses no abuse of the power of the court. No objection was made to the admission of the testimony when received. It is not very clear that the evidence respecting special benefits was improperly admitted under the original answer. Moreover, if plaintiffs were taken by surprise by the amendment, their remedy was to make the fact appear to the court, and it would doubtless have protected their rights by granting a continuance; but no postponement of the trial was asked.

It is contended on behalf of plaintiffs that there was prejudicial error in the paragraph of the instructions which states the issues in the case, in that it omitted to state that the allegations of special benefits in the answer were denied by the reply, and that the instruction failed to inform the jury that one of the issues which they were called upon to try was whether the work of grading was performed by the city in a negligent manner or not. It is not claimed that there was a misstatement of the issues, but that the statement was not full enough. The question of negligence in the construction of the work was fully covered by the paragraph alluded to. Plaintiffs cannot predicate error in the giving of this instruction on the ground that it did not comprehend or state every issue in the case, for reason the plaintiffs did not present to the trial court an instruction covering the point omitted from the instruction given. Had this been refused, the plaintiffs would be in a position to have the question reviewed. (*Post v. Garrow*, 18 Neb., 688; *Klosterman v. Olcott*, 25 Neb., 387; *Woodruff v. White*, 23 Neb., 753; *Burris v. Court*, 34 Neb., 190.) Another reason why the paragraph of the charge already mentioned cannot be considered is that no exception was taken to the giving thereof when the

same was read to the jury. An exception at the time an instruction is given is necessary in order to have an objection to such instruction noticed or considered by the court. (*Warrick v. Rounds*, 17 Neb., 415; *Heldt v. State*, 20 Neb., 499; *Nyce v. Shaffer*, 20 Neb., 509; *Scofield v. Brown*, 7 Neb., 221; *Downing v. Glenn*, 26 Neb., 323; *Fremont, E. & M. V. R. Co. v. Meeker*, 28 Neb., 94; *Holloway v. Schooley*, 27 Neb., 553.)

Criticisms are made in the brief of plaintiffs upon instructions numbered from 3 to 10 inclusive, given by the court on its own motion. These instructions cannot be reviewed by us, for the reason that none of them were brought to the attention of the court below in the motion for a new trial. Repeatedly this court has said, in effect, that where no objection is made to an instruction in the motion for a new trial, such instruction cannot be considered on a review of the cause in the appellate court. (*Schreckengast v. Ealy*, 16 Neb., 514; *Weir v. Burlington & M. R. R. Co.*, 19 Neb., 213; *Nyce v. Shaffer*, 20 Neb., 509; *Omaha, N. & B. H. R. Co. v. O'Donnell*, 22 Neb., 475; *Sherwin v. O'Connor*, 24 Neb., 605.)

It is insisted that the court erred in refusing certain instructions requested by plaintiffs. We must decline to review plaintiffs' requests to charge, inasmuch as the same were not pointed out in the motion for a new trial. (*Omaha & R. V. R. Co. v. Walker*, 17 Neb., 435, and cases last above cited.)

Some nineteen different rulings of the trial judge in excluding testimony offered by the plaintiffs are complained of in the brief of counsel. Except in three instances, no foundation was laid by plaintiffs in the lower court to have these rulings on the admission of testimony reviewed. While an exception was taken in most instances to the sustaining of objections to questions propounded by plaintiffs to their own witnesses, on their examination in chief, the record fails to disclose that the plaintiffs followed up their

exceptions with the statement of the fact or facts they expected to establish by the witness then upon the stand. This was indispensable to a review of the rulings by this court. We cannot presume that, if permitted, the witness would have made answers favorable to the party propounding the questions. (*Mordhorst v. Nebraska Telephone Co.*, 28 Neb., 610; *Sellers v. Foster*, 27 Neb., 118; *Yates v. Kinney*, 25 Neb., 120.) We have with care examined each ruling on the exclusion of testimony in which the proper foundation was laid in the trial court for the review of the decision, and find that the plaintiffs were not in the least prejudiced by the exclusion of the evidence, since the fact about which the witness was interrogated was clearly proved by other competent and undisputed evidence in the case. The exclusion of evidence of a matter which is fully established by other uncontradicted evidence is harmless error. (*Clough v. State*, 7 Neb., 333; *Delaney v. Errickson*, 11 Neb., 533.)

It is contended that error prejudicial to the plaintiffs was committed in admitting the testimony of John Groves, offered on behalf of the city. One of the defenses interposed in the answer of the defendant was that the grading of the street in question in front of plaintiffs' real estate was done in pursuance of an ordinance of the city duly enacted, approved, and published; that appraisers were called to assess the damages, who reported that plaintiffs, property had not been damaged by reason of the improvement, and that no appeal was taken from the award of the appraisers. For the purpose of establishing said defense the city called as a witness John Groves, city treasurer, who was permitted to testify that the ordinance providing for the grading of the street, and the appointment of appraisers, was published in the *World*, the official paper of the city, on July 13, 1889. It is argued that the testimony of the witness was incompetent, and that the publication of the ordinance could only be established by the

affidavit of a person having cognizance of the publication, and to sustain this contention section 403 of the Code of Civil Procedure is cited, which declares that "Publications required by law to be made in a newspaper, may be proved by affidavit of any person having knowledge of the fact, specifying the time when and the paper in which the publication was made." Doubtless the usual and proper method of establishing the fact that a city ordinance has been duly published in a newspaper, is by the affidavit of the publisher, or other person familiar with the fact; but whether the same may not also be proved by the oral testimony of a witness upon the stand it is not necessary now to decide, since the trial court by its instructions did not submit to the jury the question whether plaintiffs' damages had been assessed by appraisers appointed under the ordinance. If any error, therefore, was committed by the admission of oral testimony as to the publication of the ordinance, the rights of the plaintiffs were not in the least prejudiced thereby.

It appears that in bringing Thirteenth street to grade at the place in dispute the city filled plaintiffs' premises for some distance from the lot line, and to a considerable depth, with earth. This is made the basis of plaintiffs' second cause of action. The record fails to disclose that any damages resulted from filling in the lot with earth. The testimony of all the witnesses is to the effect, and the plaintiffs in the first count of their petition so allege, that in order to make the lot and the dwelling thereon accessible from the street, and to put the property to the most desirable and valuable use after the street was brought to the established grade, it was necessary to bring the lot to said grade by filling the same with earth. It is not made to appear how plaintiffs were damaged by reason of the city aiding them in filling the lot. There was no evidence before the jury which would have authorized them to find for the plaintiffs under the second count of their petition. The

rule of compensation for damages resulting from the grad-
ing by a municipality of a street upon which property
abuts is no longer an open one in this state. Following
*Schaller v. City of Omaha*, 23 Neb., 325, and *City of Omaha
v. Kramer*, 25 Neb., 489, this court, in *Lowe v. City of
Omaha*, 33 Neb., 587, said: "That when private property
is damaged by reason of the construction of a public im-
provement near it, remuneration must be made; and the
difference in the market value of the property with the
public improvement and that without it, not considering
general benefits shared by the general public, is the rule of
compensation. Special and peculiar advantage which the
property receives from the improvement is to be considered
in determining whether there is injury or not. In other
words, special benefits to the property may be set off against
the damages sustained by the owner." In *Kirkendall v.
City of Omaha*, 39 Neb., 1, a case similar to the one at bar,
RYAN, C., used the following language: "The term 'spe-
cial benefits' implies benefits such as are conferred spe-
cially upon private property by public improvement, as
distinguished from such benefits as the general public is
entitled to receive therefrom. In common with the gen-
eral public, the owner of adjacent property is entitled to
travel upon the improved highway; and although by rea-
son of the improvement such travel may be rendered easier
or more pleasant, yet the benefit is general, because it is
enjoyed by the public in common with the owners of ad-
jacent property. If the improvement should result in an
increase in the value of adjacent property, which increase
is enjoyed by other adjacent property owners, as to the
property of each exclusively, the benefit is special, and it
is none the less so because several adjacent lot owners
derive, in like manner, special benefits, each to his own
individual property. Such fact, if it exists, in no respect
decreases the increment in value enjoyed by one of the
adjacent property owners, and by way of offset such an

increment should therefore be treated as a special benefit in favor of whomsoever it may arise." In view of the foregoing adjudications it must be regarded as the settled law of this state that general benefits cannot be taken into consideration in an action for damages to adjoining property occasioned by the grading of a street, but that to the extent the abutting property has been specially benefited by the improvement, it must be allowed as a set-off against the damages proved. The rule as to the measure of damages was correctly given to the jury in the charge of the court. It therefore only remains to be determined whether the verdict is unsupported by, or is contrary to, the evidence. Upon the question of damages, as is usual in such cases, the evidence is of the most conflicting character. J. B. Ayers, a witness for the plaintiffs, in his testimony states that the property was worth $7,000 just prior to the grading of Thirteenth street, and about $2,000 after the making of the improvement. Robert Herrick, another witness for the plaintiffs, testified that the lot was of the value of $6,000 or $7,000 before the grading, and about $2,500 after. Thomas Grocox testified that the property was worth $4,000 less after the grading than it was immediately prior thereto. Jacob Kendis swore that the value of the property just prior to the grading was from $50 to $60 per front foot, and that it was not worth more than half that much after the work was done. The testimony of the witnesses examined on behalf of the city tends to establish that the property in controversy was worth from one-third to one-half more after the grading was completed than before the same was commenced; that such increase in value was directly attributable to the improvement of the street, which made the lot more accessible and desirable as a residence property; and that in place of an impassable road, as it was before the grading, there is now a first-class street.

The record before us shows that the jury were permitted,

under the charge of an officer, to have a view of plaintiffs' premises. The object of this view was to acquaint the jurors with the physical situation, condition, and surroundings of the property, thereby to enable them better to weigh and apply the testimony of the different witnesses. The jury, with the knowledge which the view of the premises afforded, have passed upon the conflicting evidence relating to value and damages, and by their verdict have said, in effect, that plaintiffs' property has not been depreciated in value by reason of the grading of the street upon which the same abuts, and we think the evidence fully justifies the finding. There being no material error in the record, the judgment is

AFFIRMED.