CHRISTINA KRIEGER, APPELLEE, v. CHARLES VON BUSCH ET
AL., APPELLANTS.

FILED MAY 1, 1915.    No. 18086.

1. **Appeal:** CONFLICTING EVIDENCE. A verdict on substantially con-
flicting proof will not be set aside, where it is supported by suf-
ficient competent evidence.

2. ———: EXCLUSION OF EVIDENCE: OFFER OF PROOF. "The ruling of
the trial court in sustaining an objection to a question put to one's
own witness cannot be reviewed where the complaining party has
failed to make an offer of the testimony indicating what he ex-
pects to prove by the witness, in response to the question pro-
pounded and overruled." *Barr v. City of Omaha*, 42 Neb. 341.

APPEAL from the district court for Adams county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*C. R. Stasenka, B. V. Kohout* and *McCrcary & Danley,*
for appellants.

*J. W. James, contra.*

ROSE, J.

This is an action to recover $172.26 for services per-
formed by plaintiff as a domestic servant for defendants
from October 8, 1908, until June 10, 1909, at $3.50 a week,
including $20 for traveling expenses between plaintiff's
home at Madison, South Dakota, and the home of defend-
ants near Campbell, Nebraska. The answer contains a
general denial and a plea of settlement and payment.
Plaintiff recovered a verdict and a judgment for the full
amount of her claim and interest. Defendants have ap-
pealed.

The principal controversy on appeal appears to involve
the sufficiency of the evidence to sustain the verdict. It
is established without controversy that plaintiff performed
the services for which she claims compensation. There is
evidence tending to show that defendants agreed to pay
her $3.50 a week and her traveling expenses. On behalf

of defendants there is proof that plaintiff offered to make them a visit and to assist them for her railroad fare, and that they settled and paid her claims.  On these issues there is a substantial conflict in the testimony, with sufficient evidence to sustain the verdict.  The questions of fact were therefore settled by the jury.

One of the assignments relates to the exclusion of testimony in answer to questions propounded to a witness for defendants, but the record does not contain an offer of proof essential to an affirmative showing of error.  It follows that the judgment cannot be reversed on this ground. *Barr v. City of Omaha,* 42 Neb. 341; *Blondel v. Bolander,* 80 Neb. 531.

Complaint is made of other rulings on evidence, but in these respects reversible error is not shown.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.

SEDGWICK, J., concurring.

The rule stated in the second paragraph of the syllabus is apparently applicable in this case, because it does not appear from the record that the questions overruled call for evidence that is relevant and material to the issue that was being tried.  The rule has been applied in many cases in this court, including *Mathews v. State,* 19 Neb. 330; *Masters v. Marsh,* 19 Neb. 458; *Lipscomb v. Lyon,* 19 Neb. 511; *Yates v. Kinney,* 25 Neb. 120; *Sellars v. Foster,* 27 Neb. 118; *Mordhorst v. Nebraska Telephone Co.,* 28 Neb. 610; *Barr v. City of Omaha,* 42 Neb. 341; *Blondel v. Bolander,* 80 Neb. 531, and perhaps others.

It is important to simplify the trial as far as possible. If incompetent evidence is allowed before the jury, there is always danger of an unjust verdict.  When such evidence is inadvertently admitted by the court, the best that can be done is to strike it out and instruct the jury to disregard it.  But this does not always remedy the error. The impression so wrongfully made upon the minds of the jurors may unconsciously influence their estimation of the competent evidence before them.  If counsel are allowed

to put before the jury irrelevant or immaterial evidence, the real issue may be so incumbered as to confuse even trained and experienced minds. All such evidence tends to distract the mind and may cause neglect of the real question to be investigated. The trial court should allow only such evidence as tends legally to establish the issue presented. The examining attorney should make it appear to the trial court that the question he propounds to a witness calls for proper evidence. Unless this clearly appears, he cannot complain that the witness is not allowed to answer. But the rule should not be construed to mean that the testimony expected of the witness must necessarily be first detailed before the court.

In *Mathews v. State, supra,* the reason for the rule is correctly stated, to enable the court "to determine whether or not the evidence is pertinent." This is the only purpose of the rule, and the only justification for its existence. Opposing counsel cannot, by objecting, require the examining attorney to "make an offer of testimony indicating what he expects to prove" with each question asked of a witness. When the question itself shows that its answer would be proper evidence, that is, when the condition of the evidence is such that the court can see that the question is a proper one, under the issues, no offer of proof is necessary. The rule is more often applied in the direct than in the cross-examination of a witness. In cross-examination it will generally appear from the question itself whether the answer will be relevant to the direct examination, or will tend to explain or qualify the direct testimony of the witness, and in general more latitude is allowed in the cross-examination of a witness. When a rule of practice is announced in general terms, as in *Mathews v. State, supra,* care should be taken to limit it to its proper application. If improperly applied, such rules sometimes become more and more technical in application until they become a trap for the unwary, instead of beneficial for the promotion of justice. I think this has been the result in some of the later cases, and that the decisions in those cases ought to be explained and modified.