WESTERN COTTAGE ORGAN CO., PLAINTIFF IN ERROR, V. EUGENE BOYLE, DEFENDANT IN ERROR.

**Negotiable Instruments:** PROMISSORY NOTES: DEFENSES. One B. made a negotiable promissory note to S., an agent of M., for an organ. The note was indorsed and transferred to the Western Cottage Organ Co., which introduced testimony tending to show that it purchased the note before maturity for a valuable consideration, and without notice of any defense to the same. *Held,* That B. could not prove the worthless character of the organ as a defense to the note without introducing testimony tending to show that the plaintiffs had not purchased the same in good faith before maturity.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*A. R. Scott* and *C. Gillespie,* for plaintiff in error.

The production of this note in evidence at the trial by plaintiff established a *prima facie* presumption of law in its favor, to the extent that it is the holder and proper owner and the lawful possessor of the same; that it took it for value, before due, and in the regular course of business. 1 Parsons on Notes and Bills,

255. *Mosen v. Noonan*, 7 Wis., 519. *Hendricks v. Judah*, 1 John., 319. *Bonham v. Wood*, 8 N. H., 334. *Webster v. Lee*, 5 Mass., 334. *Rouger v. Coney*, 1 Metc. (Mass.), 369. *Barnham v. Webster*, 19 Maine, 232. *Collins v. Gilbert*, 4 Otto. *Wortendyke v. Meehan*, 9 Neb., 221. The burden of proof rests on the defendant first, to lay a proper foundation for the evidence here offered by impeaching the good faith character of the holding. *Murry v. Lardner*, 2 Wall., 110. *Davis v. Bartlett*, 12 Ohio St., 537. *Sloan v. Union Banking Co.*, 67 Penn. St., 470.

*Schoenheit & Thomas*, for defendant in error.

The questions were distinctly raised by the pleadings whether the plaintiff was not the real payee of the note, whether the plaintiff had purchased the note before maturity and for value and without notice of the matters set up in the answer, and whether the alleged negotiation of the note by Saylor to Mueller and by Mueller to plaintiff was not fraudulent as alleged in defendant's answer. These questions were fairly submitted to the jury, and the jury found them all in favor of the defendant. The court, at the request of the plaintiff, gave the following instruction to the jury: "Unless you find that plaintiff was not a good faith purchaser of the note before due, but did know of the defenses existing against the note, you must find in favor of the plaintiff." The court also gave the following instruction asked for by the defendant: ".If the jury believe from the evidence that the plaintiff did not buy the note in good faith and for a valuable consideration, before maturity, without notice of the defenses of Boyle, then Boyle has a right to make any defense herein which he might have made if this action had been brought by Saylor." The jury were

also told that the burden of proof was upon defendant to make out his defense. We submit that the instructions given contain the law of the case, or if there was any error in them it was in favor of the plaintiff. The issues having been fully submitted to the jury, and there being no error in the instructions, there was no reason for disturbing the verdict.

MAXWELL, CH. J.

In May, 1876, the defendant executed a promissory note in the words and figures following:

"$100.                    " SALEM, May 12, 1876.

" One year after date for value received I promise to pay to the order of William M. Saylor one hundred dollars, payable at the Falls City Bank, Neb., with interest at ten per cent, with current exchange on Chicago or New York, and express charges when collected by express companies, and an attorney's fee of ten per cent if collected by an attorney. The makers and indorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note.

" [5755.]                    " EUGENE BOYLE."

The note was indorsed as follows: "I hereby guarantee to pay the within note if not paid by the maker at maturity to J. Meuller or order.

"WM. SAYLOR."

"Pay to the order of A. Scott, treasurer.

" J. MEULLER."

"Pay to the order of J. N. Rickards, Esq., for collection.

"WESTERN COTTAGE ORGAN Co., A. SCOTT, Treas."

" Pay C. L. Keim & Co., cashier, or order, for collection."

There is also a property statement of the defendant on the back of the note.

It appears from the bill of exceptions that the defendant gave the note to Saylor for a Burdette organ, purchased from him for the sum of $200. Saylor had received the organ from Meuller to sell on commission or as agent.

On the trial of the cause the plaintiff introduced evidence tending to show that it purchased the note for value before maturity, and without notice of any defense. The defendant, without offering any testimony tending to show that the plaintiff was not a *bona fide* purchaser of the notes in question before maturity, was permitted to prove that the organ was of but little value, and had been returned to Saylor about a year from the date of the note. In this there was error. The rule is well settled, that the purchaser of negotiable paper for a valuable consideration before maturity, without notice of any defense in favor of the maker of the instrument, takes it free from all equities existing between the original parties, unless given for a consideration, which by statute is declared void. No testimony therefore was proper, showing the worthless character of the organ, unless testimony was introduced tending to show that the plaintiff was not a *bona fide* purchaser of the note in question. The court therefore erred in submitting to the jury questions that under the testimony were not properly before them.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.