THE CITIZENS BANK, PLAINTIFF IN ERROR, v. B. F. RYMAN,. DEFENDANT IN ERROR.

1. Promissory Notes: BONA FIDE PURCHASER. A bank purchased secured and unsecured notes before the maturity thereof, for

about three-fifths of their face value. In an action on one of the notes, there being no testimony tending to show their actual value, *held*, that the price paid was not sufficient to justify a jury in finding that the bank was not a *bona fide* purchaser.

2. ———: FAILURE OF CONSIDERATION. In an action upon a promissory note given for fruit trees, the defense was a failure of consideration and breach of warranty, but there was no testimony tending to show the loss of trees or a breach of warranty. *Held*, a failure to prove the defense.

ERROR to the district court for Fillmore county. Tried below before WEAVER, J.

*Hastings & McGintie*, for plaintiff in error.

*W. H. Morris*, for defendant in error.

MAXWELL, J.

This is an action upon a promissory note given for fruit trees. The defense is a failure of consideration. The note is dated Oct. 28th, 1878, due in one year with interest, and payable to the order of Dewitt & Smith. On the 27th of October, 1879, the plaintiff purchased the note in question, together with a number of other notes, for about three-fifths of their face value. From this consideration alone the jury seem to have thought that the plaintiff was not a *bona fide* purchaser, and found for the defendant. There is no testimony in the record showing the value of these notes, and, for aught that appears, the plaintiff may have paid not only a fair but full value for them. A material inquiry in such case is the solvency of the maker, or the character of the security, if any. The question of a *bona fide* purchase must be determined by the simple tests of honesty and good faith on the part of the purchaser.

But, even as between the original parties to the note, there is an entire failure of testimony to invalidate the consideration. It is stated that Dewitt & Smith warranted the trees, but there is no testimony whatever

tending to show that the trees did not live, or that the alleged warranty has been broken, and the answer, in our opinion, fails to state a defense, there being no allegation of breach of the alleged warranty. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.