KATE COAKLEY, PLAINTIFF IN ERROR, v. CHRISTIE & SON, DEFENDANTS IN ERROR.

**Negotiable Instruments:** PROMISSORY NOTE: BONA FIDE PURCHASER: BURDEN OF PROOF. One C. made a negotiable promissory note to H. for the purchase of a piano. The note was endorsed and transferred to plaintiffs. *Held,* That C. could not prove that the piano did not comply with a warranty alleged to have been made by H., or that after the execution of the note the contract of purchase was agreed to be rescinded, without introducing testimony tending to show that the plaintiffs had not purchased the note in good faith before maturity.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. L. Caldwell,* for plaintiff in error.

*F. M. Hall* and *W. S. Hamilton*, for defendant in error.

REESE, J.

This was an action on a promissory note by an indorsee. The answer alleges that the note was delivered conditionally to the payee, the condition being that a certain piano purchased of the payee by plaintiff in error should be a new one of first-class quality, and should upon trial prove satisfactory to plaintiff in error, or, in the event of its failure, it should be returned and the notes surrendered. It is further alleged that the instrument was not what it was represented to be, that notice of the fact was given to Hohmann, the payee of the note, and that he agreed to take it away and surrender the notes, but that afterwards he endorsed them (without recourse) to defendant in error. That in the transaction Hohmann acted as agent for defendant in error. That the instrument was not as warranted. That the contract was rescinded, and that the consideration for which the notes were given had wholly failed.

There was a jury trial; plaintiff in error was called as a witness. The abstract contains but one question propounded to the witness, which was as follows:

Q. "Did you have a contract with S. B. Hohmann for the purchase of a piano about August 22d, 1884, and if so, state what conversation you had with him in relation to the purchase of the piano?"

This question was objected to "for the reason that it did not lay the proper foundation for entering into the consideration of the question." The objection was sustained. Plaintiff in error, by her attorney, then made the following offer of testimony:

" I offer to show by Mrs. Coakley, the witness upon the stand, that at the time of the delivery of the note, it was understood that the delivery was conditioned upon the instrument complying with the warranty, being new and

first-class in quality. That after an examination she discovered that the piano was an old one, inferior in tone, and second-hand, and of little value. That she notified Hohmann, and he then agreed to return the notes and take away the piano; and, that after that time he transferred the notes." This was also objected to, and the offered testimony was excluded. The jury, by direction of the court, returned a verdict in favor of defendant in error. From an order overruling a motion for a new trial, defendant below brings error to this court, assigning as error the ruling of the court on the testimony offered. The offer made contains no reference to the allegation in the answer, that in the sale of the piano, and taking of the notes, Hohmann acted as the agent of defendant in error. In that case, there would have been no question of *bona fides* in the purchase of the notes: the principal being bound by the acts of his agent. Neither does the answer contain any allegation of fraud on the part of Hohmann in procuring the notes. The offer, therefore, was nothing more than to prove that the instrument did not comply with the terms of a warranty made by Hohmann, and that he agreed to return the notes, but failed to do so, and transferred them to defendant in error. There being no tender of proof that defendant in error was not an innocent purchaser of the notes before value, the ruling of the district court was correct. *Organ Co. v. Boyle,* 10 Neb., 409. *Smith v. Bank,* 9 Id., 31.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.