## FIRST NATIONAL BANK OF DUBUQUE, IOWA, v. H. C. McKIBBEN.

### FILED FEBRUARY 3, 1897.   No. 6985.

1. **Negotiable Instruments:** ACTION BY INDORSEE: BURDEN OF PROOF. In an action by an indorsee of a negotiable promissory note against the maker, its mere production by the plaintiff, duly indorsed, raises a presumption of law that it was transferred before maturity and for value, and the burden is on the defendant to show that plaintiff is not an innocent holder.

2. ————: ————: DEFENSE. *Held,* That the answer fails to state a defense.

3. ————: ————: EVIDENCE. Evidence examined, and *held* not to sustain the verdict.

ERROR from the district court of Dawson county. Tried below before HOLCOMB, J.   *Reversed.*

*G. W. Fox,* for plaintiff in error.

*E. A. Cook, contra.*

NORVAL, J.

This is an action brought by the plaintiff as indorsee of two promissory notes executed by the defendant for $100 each, payable to the order of Chamberlain Plow Company, bearing date June 21, 1887, and maturing November 1, 1887, and January 1, 1888, respectively. Defendant, in his answer, admits the execution and delivery of the notes, denies that they were indorsed to plaintiff before maturity, and sets up the following facts as a defense: "That after the maturity of the second note this defendant indorsed and transferred to the said Chamberlain Plow Company, at its request, one certain promissory note for $300, signed by one J. L. Dougherty and payable to this defendant, to secure the payment of the notes sued on in this action; that the maker of said note at the time of delivering the same to the said Chamberlain Plow

37

Company, and at the time that said note became due, was solvent and able to pay the same; that afterwards, on the 6th day of August, 1889, the said Chamberlain Plow Company obtained a judgment on said promissory note against the said J. L. Dougherty for the sum of $335.92; that said promissory note was only transferred to the said Chamberlain Plow Company to secure the note sued on and in payment of the same and for no other purpose; that said Chamberlain Plow Company holds said judgment at this time; that said judgment cannot now be collected; that said note of said Dougherty could have been collected at its maturity if the said Chamberlain Plow Company had used the diligence in its collection that said company agreed to use; that this defendant had been greatly damaged by the neglect of the said Chamberlain Plow Company in its failure to carry out its said contract and agreement in the collection of said promissory note to an amount greater than the notes sued on; that the promissory notes sued on were in the hands of, and owned by, said plow company at the time of their maturity. This defendant also delivered to said plow company, to secure said notes, other notes signed by Ira Barnes, C. Davis, J. W. Ervin, and —— Baker." The reply consisted of a general denial. There was a jury trial which resulted in a verdict for the defendant in the sum of $1, which amount the defendant remitted, and thereupon the court overruled plaintiff's motion for a new trial, and rendered a judgment of dismissal. Plaintiff is here on a petition in error.

The verdict and judgment cannot stand, for two reasons, viz.: (1.) They are not sustained by the evidence. (2.) The answer does not state a defense.

The defendant having admitted the execution and delivery of the notes, the burden of proof that the bank was a *bona fide* holder for value before maturity was not cast on it, but the burden was on the maker to disprove this fact. (*Cottage Organ Co. v. Boyle*, 10 Neb., 409; *Coakley v. Christie*, 20 Neb., 509; *Violet v. Rose*, 39 Neb., 660; *Mc-*

*Donald v. Aufdengarten*, 4 Neb., 40; *Kelman v. Calhoun*, 43 Neb., 157.) An examination of the evidence contained in the bill of exceptions not only fails to show that the bank did not purchase these notes in good faith before due, but on the contrary it establishes that the bank bought them a few days after their date in the usual course of business without notice of any defense, and at the time paid therefor the sum of $200. The fact that plaintiff failed to notify defendant it owned the notes, or to bring suit thereon, until long after their maturity, is insufficient to overcome the direct and positive evidence of Guernesey, the cashier of the bank, as to the time and manner of the purchase of the notes from the payee. The mere production of the notes, duly indorsed, raised a presumption of law that they were transferred before maturity and for value, and this *prima facie* case was not overthrown by the evidence adduced on the trial.

The answer filed by the defendant is faulty, in that it omits to plead that the notes in controversy were the property of the payee, the Chamberlain Plow Company, when the collateral notes were turned over to them. The allegation is "that the promissory notes sued on were in the hands of and owned by said plow company at the time of their maturity," and that the collateral notes were indorsed and delivered after the maturity of the second note. Again, the answer charges, in general terms, that defendant was damaged by the failure of the payee to carry out its contract and agreement in the collection of the collateral, but no contract or agreement on the subject is pleaded. In these respects the answer was defective. Under the evidence the court should have directed a verdict for the bank. The judgment is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.