## LOUIS ZOBEL V. THEODORE BAUERSACHS ET AL.

FILED MAY 4, 1898.   No. 8012.

1. **Extension of Time for Payment of Note.** The payee of a nego-
tiable promissory note who has sold and transferred the same
cannot make a valid contract extending the time of payment of
such note.

2. **Evidence: DECLARATION AGAINST INTEREST: SALES.** Ordinarily, dec-
larations against interest made by a party to a suit, or by one
through whom he has derived title to the thing in controversy,
are admissible as evidence against him; but one who has pur-
chased property cannot be affected by statements made in rela-
tion thereto by his vendor after the latter had parted with his
title and possession.

3. **New Trial: REVERSAL OF SECOND VERDICT: EFFECT.** When a ver-
dict in favor of one party is set aside by the district court in the
exercise of a sound legal discretion, and a second trial results in
favor of the other party, the first verdict will not be reinstated
upon a reversal by this court of a judgment based on the second
verdict.

4. **Depositions: OBJECTIONS.** An objection to a deposition on the
ground that the witness did not testify to all the elements of a
valid contract is without merit.

ERROR from the district court of Adams county. Tried
below before BEALL, J. *Reversed.*

*Capps & Stevens* and *C. H. Tanner*, for plaintiff in error.

*A. H. Bowen* and *M. A. Hartigan, contra.*

SULLIVAN, J.

On December 6, 1887, Theodore Bauersachs, as princi-
pal, and Jacob Fisher and Martin Schellak, as sureties,
executed to William Grosse their negotiable promissory
note for $500, due one year from date, with interest
thereon at the rate of ten per cent per annum. Plain-
tiff claims that he purchased this note in May, 1888, and
continued to be the owner thereof from that time until
after its maturity, when he sold and delivered it back to
Grosse. Afterwards plaintiff's mother became the owner

of the note and she transferred it to him.   His present ownership of the paper is not contested.   In this action, which was brought upon said note, the sureties defended on the ground that the time of payment had been extended without their knowledge or consent, by a valid agreement made between Grosse and Bauersachs a short time before the note became due.   Fisher and Schellak had a verdict and judgment in their favor and Zobel brings the record here for review.

At the trial the controverted questions were whether there was a contract extending the time of payment, and, if so, whether Grosse was the owner of the note at the time such contract was made.   To maintain the issues on their part the sureties offered, *inter alia*, and the court received as evidence, two letters written by Grosse to Bauersachs—one on December 10, 1888, and the other on December 17, 1888.   These letters in effect state that the note is the property of Grosse; that he never parted with the title thereto; that what purports to be his indorsement is a forgery perpetrated by Zobel, and that he had previously extended the time of payment until the following May.   If Grosse, at the time in question, was the owner of the note in suit, his statement touching the alleged extension of time to Bauersachs would, of course, be a declaration against interest and admissible as such; but it is very clear that his assertion of ownership and denial of Zobel's title were self-serving declarations and should have been excluded as hearsay.   From a careful reading of the entire evidence we think it quite probable that these letters were influential factors in the conclusion reached by the jury, and that their reception was prejudicial error for which the judgment of the district court should be reversed.

On a former trial of the same issues in the district court the jury found for the plaintiff against all the defendants.   This verdict, on the motion of Fisher and Schellak, was set aside and a new trial awarded.   Plaintiff excepted to the order and preserved the evidence

in a bill of exceptions, which is brought here with the record of the proceedings on the second trial. He now asks that the first verdict be reinstated and for a direction to the district court to render judgment thereon. This we must decline to do. After an examination of the evidence submitted on the first trial we see no cause to find fault with the district court for setting aside the plaintiff's verdict. The action taken was clearly within the broad discretion committed to the court in such matters.

It is said that the court erred in permitting Bauersachs' deposition to be read to the jury, because it does not show all the elements of a valid contract extending the time of payment of the note. The objection is based on a false assumption, and would be without merit even if the assumption were not false. A party is not required to make out his entire case, or any particular branch of his case, by a single witness. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.