JOHN F. PIPER, APPELLANT, V. JOHN NEYLON, APPELLEE.

FILED APRIL 23, 1908.   No. 15,159.

1. Evidence: ADMISSIBILITY. The declaration of the payee of a promissory note, who is not a party to the action, and who has no interest in the result of the litigation, is inadmissible in evidence against the purchaser of such note for the purpose of disproving his ownership.          :

2. Appeal: INSTRUCTIONS. It is not error for the trial court to refuse to give proper instructions in the form requested, if the same principles are embodied in those given by the court on his own motion.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*P. E. Taylor* and *Rose & Comstock*, for appellant.

*Shepherd & Ripley* and *J. B. Strode, contra.*

34

Epperson, C.

Plaintiff, claiming to be an innocent purchaser of a promissory note, brought suit thereon against the defendant, the maker thereof. Defendant admitted the execution of said note, denied that the plaintiff was an innocent purchaser and *bona fide* holder thereof, and as a defense thereto alleged that said note was obtained by misrepresentations of the payee, plaintiff's assignor, and that there was a failure of consideration. The defendant prevailed upon trial in the district court, and plaintiff appealed.

For the purpose of proving that the plaintiff was not the *bona fide* owner of the note, defendant introduced in evidence two letters written to him by the payee, in which he stated that he had sold the note to the Farmers Bank of Lyons. One of these letters was written prior to the date plaintiff claims to have become the owner of the note, and one subsequent thereto. The letters were identified by the payee himself, who was called as a witness by the defendant. The admission of these letters was error. The declaration of the payee of a promissory note, who is not a party to the action, and who has no interest in the result of the litigation, is inadmissible in evidence against the purchaser of such note for the purpose of disproving his ownership. See *Zobel v. Bauersachs,* 55 Neb. 20, and *Commercial Nat. Bank v. Brill,* 37 Neb. 626. Later in the trial the payee of the note was called as a witness for plaintiff, and testified to the fact of the sale of the note to the plaintiff herein, and upon his cross-examination defendant again required him to identify the letters above referred to, and again offered them in evidence. It is the defendant's present contention that, because the letters should have been admitted to impeach the testimony of this witness, their former admission was without prejudice. This cannot be said to be the rule. They were not admitted upon the defendant's second offer, nor were the jury instructed to consider them for the sole purpose of determining the witness' credibility. The

law of evidence would not permit their admission for any other purpose. As they were introduced in the manner and for the purpose above stated, they went to the jury with all the appearance of substantive evidence relative to an important issue in the case.

At the conclusion of the trial plaintiff asked for a directed verdict. This the court properly refused, inasmuch as there was evidence, unnecessary to quote, the tendency of which was to impeach the plaintiff's character as a *bona fide* purchaser, and also evidence tending to support the defense that there was a failure of consideration.

Plaintiff requested the giving of many instructions, which the court refused to give in the form submitted. The instructions given, however, contained the same principles as were embodied in those refused, except two. One of these, if given, would have directed a verdict for plaintiff. This question has been disposed of. The other instruction refused contained the rule that "a party calling and examining a witness thereby invites the jury to credit his sworn testimony, and by so doing affirms the general credibility of the witness for truth and veracity." This instruction was not applicable to the case. No attempt was made to impeach the general credibility of any such witness, and the only attempt to impeach the testimony of any witness was the instance above referred to, relating to the second offer of certain letters.

We recommend that the judgment of the district court be reversed, and the cause remanded for a new trial.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.