JOHN F. PIPER, APPELLANT, V. JOHN NEYLON, APPELLEE.

FILED JANUARY 9, 1911.   No. 16,429.

Notes: TRIAL: DIRECTING VERDICT. In a suit on an unpaid, past due negotiable promissory note, it is error for the trial court to refuse a request for a peremptory instruction in favor of plaintiff, where the uncontradicted evidence of witnesses whose credibility is not questioned shows that plaintiff is a *bona fide* holder of the note, and that he purchased it for value before maturity without knowledge of any infirmity therein and of facts indicating bad faith in taking it.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*Burkett, Wilson & Brown,* for appellant.

*Shepherd & Ripley* and *J. B. Strode, contra.*

ROSE, J.

This is a suit on a promissory note for $700 dated December 26, 1901, and due July 1, 1903. The petition contains a copy of the note, and in substance states: It was executed by ·John Neylon, defendant, and was delivered to Lee Parker, payee, from whom John F. Piper,

plaintiff, purchased it before maturity for value in the regular course of business, without notice of any equities between the maker and the payee. It was indorsed "Lee Parker, Without Recourse," May 1, 1903, and delivered to plaintiff the same day. After maturity it was placed with the Farmers Bank of Lyons and the First National Bank of Lincoln for collection. Upon defendant's failure to make payment, the note was returned to plaintiff. Defendant in his answer admitted the execution of the note, but stated that it was given in payment of a worthless stallion which defendant, by false and fraudulent representations of Parker, was induced to buy for breeding purposes alone. The answer further alleges: "The plaintiff is not an innocent purchaser and *bona fide* holder of said note, having had at all times full notice and knowledge of the equities between the parties and of the terms of the said sale, and of the representations inducing the same, and that, as defendant is informed and believes, he is not, in fact, the owner of said note, but merely a cover and shield for the said Lee Parker in his attempt to collect the same." The reply is a general denial. A judgment in favor of defendant was reversed here on a former appeal. *Piper v. Neylon,* 81 Neb. 481. The case was retried, and at the second trial defendant again prevailed. This is an appeal by plaintiff.

One of the rulings challenged as a ground of reversal is the refusal of the trial court to give at the request of plaintiff an instruction directing a verdict in his favor. Plaintiff's reason why the peremptory instruction should have been given is that there is no evidence contradicting proof that plaintiff is an innocent purchaser and *bona fide* holder of the note without notice of the equities between the parties to it.

In making his case in chief, plaintiff introduced the note in evidence, and in addition testified to these facts: In his own handwriting the payee, May 1, 1903, indorsed on the back of the note the words, "Lee Parker, Without Recourse," and plaintiff received it at the time in part pay-

ment of a house which he had sold to Parker, and has at all times since been the owner of the note. Plaintiff was examined also as a witness on behalf of defendant, and in answering the latter's questions testified in substance: In August, 1903, plaintiff wrote on the back of the note the following: "Pay First National Bank, Lincoln, Neb. The Farmers Bank, Lyons, Neb. By John F. Piper, A. Cash." Plaintiff knew the circumstances under which he made this indorsement and the purpose thereof. He sent it to the First National Bank of Lincoln for collection, through the Farmers Bank. The note belonged to him personally. It did not belong to the Farmers Bank, but was left there for collection. Over the objection of plaintiff, the indorsement last quoted was admitted in evidence. Whether it was competent to show by parol the purpose and effect of the indorsement is a question not presented or decided, proof of that nature having been adduced by defendant in examining plaintiff as his own witness. Proof of misrepresentations inducing the sale of the horse and of his worthlessness for breeding purposes was also admitted. In rebuttal plaintiff testified that at the time he purchased the note he had no knowledge of the terms and conditions of the sale of the horse; that he had no such knowledge when he delivered to Parker the deed to the property for which the note had been accepted in part payment; that prior to the delivery of the deed he did not know defendant claimed there had been misrepresentations in the sale of the horse or that a warranty had been given or broken; that after the delivery of the note to plaintiff no one else had any interest in it.

That part of the negotiable instruments act applicable to an issue like the one presented is as follows: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." Comp. St. 1909, ch. 41, sec. 56. Before this pro-

vision was enacted the law was the same. *Dobbins v. Oberman,* 17 Neb. 163; *First State Bank v. Borchers,* 83 Neb. 530; *Benton v. Sikyta,* 84 Neb. 808. The proofs on behalf of plaintiff fully meet the requirements of this rule in showing that he had no knowledge of any infirmity in the note, and that he did not act in bad faith in taking it. If his proofs are uncontradicted, the peremptory instruction requested should have been given.

To show that plaintiff is not an innocent purchaser nor the owner of the note, and that there is sufficient evidence to sustain the verdict, defendant refers to four items of his proof which will be considered in the order presented.

1. Defendant asserts that ownership on the part of the Farmers Bank is indicated by the indorsement: "Pay First National Bank, Lincoln, Neb. The Farmers Bank, Lyons, Neb. By John F. Piper, A. Cash." This of course had no reference to the *bona fides.* of plaintiff's purchase. Defendant called plaintiff as a witness and proved by him that he had previously purchased the note. Defendant likewise proved, before introducing the indorsement, as already stated, that it meant the paper was indorsed for collection only; that the Farmers Bank was not the owner and that plaintiff was. These facts were proved by defendant's own witness, and they are not in any way contradicted by the indorsement, when its import is thus shown. Neither does it contradict other proof that plaintiff is an innocent purchaser and the owner of the note. The indorsement was therefore immaterial and should have been excluded. This conclusion makes it unnecessary to determine whether defendant could impeach his own witness in the manner described.

2. The following letter was admitted over plaintiff's objections, and is pointed out by defendant as evidence sustaining the verdict: "Walton Everett, Pres't, Fremont Everett, Vice Pres't, W. S. Newmyer, Cashier, John F. Piper, Ass't Cashier. The Farmers Bank. A State Bank. Lyons, Neb., Aug. 28th, 1903. Sawyer & Snell,

Lincoln, Nebraska.   Dear Sirs: Replying to yours under date of the 26th, we wish to say that this is the first letter we have received with reference to the Neylon note since your advice as to charge for collection.   We want this note collected, and it looks easy to us with the amount of security that is behind it and Mr. Neylon's property statement.   Get the money on the note and we will stand for 10 per cent. collection fee if we have to do so.   Sincerely yours, John F. Piper, A. Cash."   Before this letter was received in evidence, defendant had called plaintiff as a witness and had shown by him that he was the owner of the note, and as such had left it with the Farmers Bank for collection.   The letter contains no assertion of ownership by the bank, but relates alone to the business of collection.   It in no manner contradicts any of plaintiff's testimony.   Considered as Piper's individual letter, it was a privileged communication between a client and his attorneys.   As a letter of the bank, it was written nearly three months after plaintiff bought the note, and is consistent with his proof that he is the present owner, and that the note was intrusted to the Farmers Bank for collection only.   In any event, it does not tend to support the verdict and cannot be considered for that purpose.

3. The suit was commenced in the county court, and in the petition therein it was alleged plaintiff bought the note in October, 1902.   After plaintiff in his testimony in the county court had given May 1, 1903, as the correct date, the petition was amended to conform thereto.   It is now insisted that the date as originally pleaded and the subsequent change are consistent with the other documents in showing plaintiff was not the owner of the note May 1, 1903, as alleged in his petition in the district court and as stated in his testimony therein.   This contention is not meritorious.   Both dates are anterior to the maturity of the note.   In both petitions and in his testimony plaintiff asserted he owned the note before it matured, and there is nothing in the record to show that proof of the date as originally pleaded and as changed was

material. Plaintiff did not verify the petition filed in the county court. It had been verified by his attorney and filed before it was submitted to plaintiff. There is nothing in the evidence to show that he had at the time any knowledge of the error. In testifying in the county court, however, he gave the correct date, and the petition by leave of court was amended to conform to the proof. His own conduct in the county court therefore is in this respect consistent with his pleading and with his testimony in the district court. The proof of the date originally pleaded and of the change is, under the circumstances disclosed, clearly immaterial.

4. It is also insisted that the following letter, to which objection was properly made, indicates ownership on the part of the bank: "Law Offices of Sawyer & Snell, Lincoln, Neb. July 31, 1903. John Neylon, Davey, Neb. Dear Sir: The Farmers Bank of Lyons, Nebraska, has placed in our hands for collection your note for $700 in favor of Lee Parker, dated December 26, 1901. Please inform us at once what you intend to do in the matter so that we may govern our actions accordingly. Respectfully, Sawyer & Snell." This letter, like the second item, is consistent with the uncontradicted proof that plaintiff indorsed the note to the Farmers Bank for collection, and that he is the owner and holder—proof adduced by defendant when plaintiff was testifying as the former's witness. Neither this letter nor the four items combined, when considered with the entire bill of exceptions, are sufficient to support a finding that plaintiff is not an innocent purchaser or not a *bona fide* holder of the note. The peremptory instruction requested should therefore have been given.

For the errors pointed out, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

FAWCETT, J., not sitting.