JOHN F. PIPER, APPELLEE, v. JOHN NEYLON, APPELLANT.

FILED JANUARY 31, 1913.  No. 17,803.

1. **Bills and Notes:** TRIAL. DIRECTING VERDICT. In a suit on an unpaid, past-due negotiable promissory note, it is the duty of the trial court to direct a verdict in favor of the plaintiff, where the uncontradicted evidence of witnesses whose credibility is not questioned shows that the plaintiff is a *bona fide* holder of the note; that he purchased it for value before maturity, without knowledge of any infirmity therein, or of any facts indicating bad faith in taking it. *Piper v. Neylon,* 88 Neb. 253.

2. **Appeal:** LAW OF THE CASE. Rulings of the supreme court on the admissibility of evidence become the law of the case, and will be adhered to on a subsequent appeal, unless such rulings are shown to have been clearly wrong.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Shepherd & Ripley* and *J. B. Strode,* for appellant.

*Burkett, Wilson & Brown, contra.*

BARNES, J.

This case is before the court on a third appeal. As was stated in *Piper v. Neylon,* 88 Neb. 253: "This is a suit on a promissory note for $700 dated December 26, 1901, and due July 1, 1903. The petition contains a copy of the note, and in substance states: It was executed by John Neylon, defendant, and was delivered to Lee Parker, payee, from whom John F. Piper, plaintiff, purchased it before maturity for value in the regular course of business, without notice of any equities between the maker and the payee. It was indorsed 'Lee Parker, without recourse,' May 1, 1903, and delivered to plaintiff the same day. After maturity it was placed with the Farmers Bank of Lyons and the First National Bank of Lincoln for collection. Upon defendant's failure to make payment, the note was returned to plaintiff. Defendant in his an-

swer admitted the execution of the note, but stated that
it was given in payment of a worthless stallion, which de-
fendant, by false and fraudulent representations of Par-
ker, was induced to buy for breeding purposes alone. The
answer further alleges: 'The plaintiff is not an innocent
purchaser and *bona fide* holder of said note, having had
at all times full notice and knowledge of the equities be-
tween the parties and of the terms of the said sale, and of
the representations inducing the same, and that, as de-
fendant is informed and believes, he is not, in fact, the
owner of said note, but merely a cover and shield for the
said Lee Parker in his attempt to collect the same.' The
reply was a general denial. A judgment in favor of de-
fendant was reversed here on a former appeal. *Piper v.*
*Neylon*, 81 Neb. 481. The case was retried, and at the
second trial defendant again prevailed." On appeal that
judgment was reversed for the refusal of the trial court
to direct the jury to return a verdict for the plaintiff. On
the third trial the district court directed such a verdict,
and from a judgment thereon the defendant has prose-
cuted this appeal.

Defendant contends that the trial court erred in ex-
cluding certain evidence from the consideration of the
jury. The competency and materiality of all of this evi-
dence was considered upon the last appeal, and it was
held that it should have been excluded. We adhere to
what was said in that opinion, and defendant's contention
on that point must fail.

It is also argued that the court erred in sustaining a
motion to strike out the indorsement found on the back
of the note in question. It is a sufficient answer to this
argument that the indorsement was held by our former
opinion to have been improperly received in evidence.

It is further contended that the plaintiff was not an
innocent purchaser of the note: First, because he ob-
tained it at a discount; second, it is claimed that he heard
the representations as to the quality of the horse at the
time of the sale; and, third, that there is testimony tend-

ing to show that he was once the owner of the horse. The evidence on the first two points above mentioned was before this court on the last appeal, where it was held that the trial court should have instructed the jury to return a verdict for the plaintiff. Upon the first proposition it may be said, however, that the fact that plaintiff purchased the note in controversy for less than its face value would not prevent his recovery as a *bona fide* holder. *Cannon v. Canfield,* 11 Neb. 506; *Citizens Bank v. Ryman,* 12 Neb. 541. In *Sully v. Goldsmith,* 32 Ia. 397, it was shown that the plaintiff bought the note in question for two-thirds of its value. There was a verdict for the defendant, and the supreme court of Iowa reversed the judgment and set aside the verdict. It appears in the instant case that plaintiff received the note from Parker as part payment for a house, and there was nothing in the transaction tending to show a want of *bona fides* on his part.

Finally, it is conceded in appellant's brief that the only evidence in this record that was not before the court on the former appeal is a statement that plaintiff was once the owner of the horse in question. Neylon testified that Piper said to a stranger in Neylon's barn that he once owned the horse. This was denied by Piper. That fact, however, if true, is immaterial, and would not require the trial court to submit the question of the *bona fides* of plaintiff's purchase of the note to the jury. It must be observed that neither the time when plaintiff is alleged to have owned the horse, nor how long he owned him, if at all, was stated; and nothing was shown inconsistent with the fact that, if he owned the horse at all, it was when he was a mere colt and his qualities could not have been known. To entitle the defendant to a submission of his case to the jury, it was necessary for him to show to the court that the testimony in question would have a material bearing upon the question of the good faith of the plaintiff's purchase of the note.

As we view the record, it contains no additional evidence which would entitle the defendant to a submission

of his case to·the jury. It follows that the district court did not err in directing the jury to return a verdict for the plaintiff, and the judgment of the district court is

AFFIRMED.