Douglass v. Burton.

----

Isaac F. Douglass, appellant, v. Charles Burton et al., appellees.

Filed October 30, 1915.  No. 17947.

Bills and Notes: Innocent Purchaser: Defense of Want of Considera-
tion: Burden of Proof. Lack of consideration is no defense to
negotiable paper in the hands of an innocent purchaser for value
before maturity in the usual course of business, or in the hands
of his transferee. Where such a defense is alleged, the burden
of proof is upon the defendant to establish that the purchaser was
not a purchaser in good faith.

Rehearing of case reported in 97 Neb. 483.  *Former judgment of reversal adhered to.*

Letton, J.

The facts in this case are set out in the former opinion. 97 Neb. 483. The note was executed before the negotiable instruments law took effect. A rehearing was allowed mainly to reconsider the evidence as to whether the banker, Ireland, from whom the plaintiff purchased the note, was a holder in due course before maturity. Of course, if this was so, then a purchaser from him, even after due, is entitled to the same protection and his title cannot be assailed.

The first question in this case is whether the banker, Ireland, had such knowledge. The defense being failure of consideration, the burden of proof was on the defendants to establish this.

We have repeatedly held that lack of consideration is no defense to negotiable paper in the hands of an innocent

purchaser for value before maturity in the usual course of business, and that the burden of proof, where such a defense is alleged, is upon the defendant to establish that the purchaser was not a purchaser in good faith. *Western Cottage Organ Co. v. Boyle,* 10 Neb. 409. This is followed in *Coakley v. Christie,* 20 Neb. 509; *Violet v. Rose,* 39 Neb. 660; *Kelman v. Calhoun,* 43 Neb. 157. It is also settled law that, where the defense interposed is fraud in the inception of the note, the burden is upon the plaintiff to prove that he is a *bona fide* holder for value. *Dobbins v. Oberman,* 17 Neb. 163; *Violet v. Rose,* 39 Neb. 660; *Kelman v. Calhoun,* 43 Neb. 157; *Lahrman v. Bauman,* 76 Neb. 846; *Norwood v. Bank of Commerce,* 77 Neb. 205; *Gibson v. Gutru,* 83 Neb. 718; *Central Nat. Bank v. Ericson,* 92 Neb. 396. The defendant failed to establish that Ireland had any knowledge of the transaction with defendants. In fact, it is not contended in the appellees' brief that Ireland had such knowledge, but it is argued that the jury were warranted in believing that Ireland had turned the note back to Burgess & Son, and that the plaintiff was in reality not acting for himself, but acting for them, when he brought this suit. We find no evidence in the record to establish this contention even by inference.

In *Ostenberg v. Kavka,* 95 Neb. 314, the notes were procured by fraud, and the burden was, therefore, upon the plaintiff to show he was a *bona fide* holder in due course. In this case there is evidence that the consideration failed, but none that the transaction was fraudulent. The burden of proof of bad faith on the part of Ireland was upon the defendants, and they failed to sustain it.

The former opinion was right and is adhered to.

JUDGMENT OF REVERSAL ADHERED TO.

HAMER, J., not sitting.

SEDGWICK, J., dissenting.

I think that, under the circumstances in this case, it was a question of fact for the jury to determine whether Ireland & Company bought this note in good faith, and

also whether this plaintiff is in fact the owner of the note. These facts are not fully recited either in the present or in the former opinion.

FAWCETT, J., concurs in this dissent.