HOWELLS STATE BANK, APPELLANT, V. THOMAS HEKRDLE, APPELLEE.

FILED MAY 23, 1925.  No. 23001.

1. **Sales: CONTRACT: RESCISSION.** A purchaser of property is entitled to the specific thing bought, and where, by fraud or false representations made as an inducement by one receiving an advantage by reason thereof, he is led to accept property other than that covered by his agreement with such person, he may rescind such contract with him without showing pecuniary damage by reason of the transaction.

2. **Banks and Banking: DISCOUNTS: PURCHASER FOR VALUE.** Where a bank discounts a customer's negotiable paper and places the consideration to his credit in his checking account, it becomes a purchaser for value only as such credit is exhausted by payment of checks drawn against such account.  In determining how much of such credit has been exhausted, the rule to be applied is that, as checks are paid, the amounts thereof are to be charged against the oldest item of such credit.

3. **Bills and Notes: HOLDER IN DUE COURSE.** "Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid

the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him." Comp. St. 1922, sec. 4665.

4. ———: FRAUD: BURDEN OF PROOF. "Where fraud in the inception of a note is pleaded as a defense, and proof has been offered sufficient to make out a *prima facie* case, in an action by an indorsee against the maker the burden is on the plaintiff to show he is a *bona fide* holder." *Stephenson v. Perry*, 112 Neb. 294.

5. ———: ———: PROOF. It is not sufficient to show that the indorsee took the note under circumstances which ought to excite suspicion in the mind of a prudent man, but it must be shown that he took the paper under circumstances showing bad faith or want of honesty on his part.

APPEAL from the district court for Stanton county: ANSON A. WELCH, JUDGE. *Reversed.*

*George A. Eberly,* for appellant.

*D. C. Chase, Frank Dolezal* and *A. E. Wenke, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

THOMPSON, J.

Plaintiff seeks to recover of defendant the sum of $1,600 by virtue of a certain negotiable promissory note, executed and delivered by defendant to one Kunhart, who sold it to plaintiff, and, as plaintiff alleges, in due course before due, without notice of any infirmity in Kunhart's title, and for a valuable consideration, to-wit, $1,510.

Defendant, to avoid such recovery, after admitting the execution and delivery of the note, alleges that there was fraud in its inception, in that he was the owner of a half section of land in Madison county; that he employed Kunhart to trade such land for a quarter section to be found by Kunhart and approved by defendant, for which he agreed to pay Kunhart $1,600; that Kunhart accepted the employment, and shortly thereafter informed him that he had found a quarter section in Dodge county, about six miles from the town of Dodge; that he and Kunhart, at the

latter's request, went and saw the land, and that Kunhart again told him it was in Dodge county, six miles from the town of Dodge; that he asked Kunhart to drive to Dodge, but the latter refused; that relying upon Kunhart's statements that the land was in Dodge county, six miles from the town of Dodge, and believing the same to be true, he entered into a contract for the exchange of such lands, and in furtherance thereof the note in question was then executed and delivered to Kunhart; that afterwards he discovered that such quarter section was in Colfax county, and was nine miles from the town of Dodge; that he immediately notified Kunhart, as well as Drahota, with whom the exchange was had, that he rescinded the contract of exchange, as well as the note in question, and repudiated each; that there was no other consideration for the note, and that plaintiff, before purchasing it, had full knowledge and notice of the before-mentioned facts.

Upon issues thus joined, case was tried to a jury. Verdict and judgment for defendant. Plaintiff appeals, relying for reversal upon the following grounds, among others: The court erred in giving instructions numbered 4, 7, 7½, and 8, respectively, on its own motion; the judgment is not supported by the evidence.

Instruction 4 is as follows: "The burden of proof is on the defendant to prove by a preponderance of the evidence that the said Kunhart represented to defendant that the land for which he was trading was situated in Dodge county, Nebraska, and represented that the same was not more than six miles from the village of Dodge, and to prove that he had no knowledge that the land was situated in Colfax county, Nebraska, and more than six miles from the village of Dodge, and also to prove that he, the defendant, relied upon said representations, believed the same to be true, and was thereby induced to sign said promissory note for the sum of $1,600. The undisputed evidence in this case shows that the land for which defendant was then trading is situated in Colfax county, Nebraska, and is eight miles from the village of Dodge."

The rule announced in this instruction is supported by the greater weight of authority. One is entitled to that which he has in fact purchased, and it is not incumbent upon him to show that he was pecuniarily damaged by receiving something different. Thus, if in this case defendant's agent, Kunhart, informed him that the land he was presenting for his consideration was situated in Dodge county, six miles from the town of Dodge (which we do not decide), and he relied on that statement and believed it to be true, and thus accepted the proposition, and gave Kunhart as his commission the note for $1,600, this condition is not met, in law, by an offer to convey the same amount of land in Colfax county, eight or nine miles from the town of Dodge, unless the latter land is accepted with knowledge of its location, or an estoppel, based on sufficient facts, is pleaded and proved. In *Jakway v. Proudfit*, 76 Neb. 67, we held:

"A purchaser of real or personal property is entitled to the benefit of his bargain, in other words, to receive the identical property purchased; and where the vendor by fraud or false representations has conveyed to him or induced him to accept something not contemplated by his contract, he may rescind the sale and recover what he has paid, without showing that he has sustained any pecuniary injury or damage thereby."

As to instruction 7, the record shows that on the 14th day of August, the date upon which plaintiff bank alleges it bought the note in question, Kunhart was owing it $300, and $12 interest, which was deducted from the purchase price, to wit, $1,510, and Kunhart was then given credit on his checking account for the balance, $1,198. This, added to the $175.21 which he then had on deposit, gave him a checking account of $1,373.21. After this time Kunhart issued numerous checks and made several deposits. The record further shows that, if the subsequent checks drawn by Kunhart and paid by the bank had been each time charged against his account of $1,373.21, it would have been exhausted by September 29, 1920, whereas, because

of such additional deposits, the account was not exhausted until October 23, 1920, on which date it was overdrawn. Upon this record, the court gave such instruction, as follows:

"If you find from a preponderance of the evidence that the said Anton Kunhart did make said alleged false representations to the defendant and that the defendant was induced thereby to execute and deliver to said Kunhart the said note for $1,600 as payment of commission for negotiating said contract for the exchange of said land, then the burden of proof is on the plaintiff to prove by a preponderance of the evidence that it purchased of said Kunhart for a valuable consideration the said note before the maturity thereof, to wit, March 1, 1921, without notice that said note was obtained by said Kunhart by reason of said alleged false representations. In order to do this, the plaintiff must prove by a preponderance of the evidence that it paid to the said Kunhart before it had notice of the claim of defendant of said alleged false representations the sum of money claimed to have been credited on the deposit account of said Kunhart with plaintiff by payment of checks drawn by said Kunhart on said deposit account and before the maturity of said note which exhausted the credit so given to said Kunhart for said note and left nothing to the credit of said Kunhart in his deposit account in said bank. And if you do find from a preponderance of the evidence that plaintiff purchased the said note and paid a valuable consideration therefor in the ordinary course of business as above specified before it had notice of said claims of defendant of said defense thereto, then you will find for the plaintiff."

This instruction does not correctly state the law applicable to the facts. The jury should have been told that— "In determining whether such credit has been exhausted, the rule is to be applied that as checks are paid the amount is to be charged against the oldest item of deposit or credit of the customer." *First Nat. Bank. v. McNairy,* 122 Minn. 215. See, also, *Northfield Nat. Bank v. Arndt,* 132 Wis. 383; *Oppenheimer v. Radke & Co.,* 20 Cal. App. 518.

Then it should have been further instructed as provided in section 4665, Comp. St. 1922: "Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him."

The facts in *First State Bank v. Borchers,* 83 Neb. 530, cited by appellee, did not call for a construction of this statute, and neither was it construed. In that case, the bank had given full value, to wit, a draft for the full consideration for the note at the time of purchase and before it received notice of an infirmity in the indorser's title. But in the case before us, under this statute, plaintiff became a holder in due course to the extent of the $300 note and $12 interest paid at the time of purchase, and checks afterwards drawn by Kunhart on the account, and paid by it before it received notice of facts constituting the fraud charged, if it did in fact ever receive such notice, which we do not decide. It was reversible error not to so instruct.

Instructions 7½ and 8 are similar to instruction 7 in substance and form, and vulnerable to the same criticism. Hence, our conclusions as to 7 apply to each.

Complaint is also made as to the burden of proof, where fraud in the inception of the note is pleaded by the maker in an action thereon by a holder in due course. The correct rule in such a case was recently announced by us in *Stephenson v. Perry,* 112 Neb. 294, as follows:

"Where fraud in the inception of a note is pleaded as a defense, and proof has been offered sufficient to make out a *prima facie* case, in an action by an indorsee against the maker the burden is on the plaintiff to show he is a *bona fide* holder."

As to what constitutes notice sufficient to prevent recovery, we are controlled by our holding in *Dobbins v. Oberman,* 17 Neb. 163: "To defeat a recovery thereon it is not sufficient to show that he took it under circumstances which ought to excite suspicion in the mind of a prudent man.

To have that effect it must be shown that he took the paper under circumstances showing bad faith or want of honesty on his part." This rule is approved in *Norwood v. Bank of Commerce*, 77 Neb. 205; *Douglass v. Burton*, 98 Neb. 832; *Benton v. Sikyta*, 84 Neb. 809; *Piper v. Neylon*, 88 Neb. 253. In the two latter cases it was held that section 4667, Comp. St. 1922, has not changed the above rule.

The challenge to the sufficiency of the evidence is not entirely without merit. Yet, as the case must be reversed, and as we are loath to encroach on the province of the jury, we refrain from a further discussion thereof.

For the foregoing reasons, judgment is

REVERSED.